IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| KEVIN A. WATSON, | ) | |
|     Plaintiff, | ) | Case No. 7:22-cv-00183 |
| v. | ) | |
| | ) | |
| UNITED STATES, | ) | By: Michael F. Urbanski |
|     Defendant. | ) | Chief United States District Judge |

**MEMORANDUM OPINION**

Kevin A. Watson, a Virginia inmate proceeding pro se, filed this civil action under the Little Tucker Act, 28 U.S.C. § 1346(a)(2), alleging that was improperly denied stimulus payments under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020). For the following reasons, the action is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b) and Federal Rule of Civil Procedure 12(h)(3).

I. Background

Watson is incarcerated within the Virginia Department of Corrections. He claims that he was entitled to receive payments in the amounts of $1,200 and $600 under the CARES Act and that the government "refused to pay or seized the . . . CARES Act payments after he filed his Federal Tax 1040 Form in violation of . . . 42 U.S.C. § 407(a)." Compl, ECF No. 1, at 2. He seeks compensation under the Little Tucker Act in the amount of $1,800. Id. at 1, 5.

II. Standard of Review

Under 28 U.S.C. § 1915A, the court is required to review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of

a governmental entity." 28 U.S.C. § 1915A(a). Upon review, the court must dismiss the complaint if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). Likewise, if the court determines that it lacks subject matter jurisdiction, "the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised sua sponte by the court." Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004) (en banc).

### III. Discussion

"Pursuant to the doctrine of sovereign immunity, the United States is immune from private civil actions absent an express waiver." Cunningham v. Gen. Dynamics Info. Tech., Inc., 888 F.3d 640, 643 (4th Cir. 2018). "Sovereign immunity is jurisdictional in nature," and "the 'terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.'" FDIC v. Meyer, 510 U.S. 471, 475 (1994) (alteration in original) (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)). Thus, unless the United States has expressly consented to be sued, the court lacks subject matter jurisdiction over a claim against the United States. Id.

The Little Tucker Act, under which Watson filed suit, "provides the Federal Government's consent to suit for certain money-damages claims." United States v. Bormes, 568 U.S. 6, 9 (2012). Subject to exceptions not relevant here, the Little Tucker Act grants district courts original jurisdiction, concurrent with the United States Court of Federal Claims, over any "civil action or claim against the United States, not exceeding $10,000 in amount,

2

founded either upon the Constitution, or any act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1346(a)(2)).

The Supreme Court has explained that "[t]he Little Tucker Act and its companion statute, the Tucker Act, do not themselves creat[e] substantive rights, but are simply jurisdictional provisions that operate to waive sovereign immunity for claims premised on other sources of law." Bormes, 568 U.S. at 10 (internal quotation marks, citations, and footnote omitted). Thus, to come within the jurisdictional reach of either statute, a plaintiff must identify a separate statute or other source of law that entitles him to receive money from the federal government. Nat'l Veterans Legal Servs. Program v. United States, 968 F.3d 1340, 1347 (Fed. Cir. 2020); see also Maine Cmty. Health Options v. United States, 140 S. Ct. 1308, 1328 (2020) ("A statute creates a right capable of grounding a claim within the waiver of sovereign immunity if, but only if, it can be fairly interpreted as mandating compensation by the Federal Government for the damage sustained.") (internal quotation marks and citations omitted); Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) ("[I]n order to come within the jurisdictional reach and waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages."). If no independent source of law exists, the court must dismiss the case for lack of subject matter jurisdiction. Fisher, 402 F.3d at 1173.

In this case, Watson does not identify any statute or other source of law that entitles him to receive $1,800 in unpaid stimulus payments from the United States. The CARES Act established a $1,200 tax credit for eligible individuals. 26 U.S.C. § 6428(a). The tax credit was

authorized to be distributed as an "advance refund," id. § 6428(f), meaning that qualified individuals would receive a direct payment, referred to as an economic impact payment ("EIP") or stimulus payment, in the amount of $1,200. The Consolidated Appropriations Act of 2021 ("CAA"), Pub. L. 116-260, 134 Stat. 1182, established an additional $600 tax credit for individuals, which also was authorized to be distributed as an advance refund. 26 U.S.C. § 6428A(a), (f). Notably, however, the CARES Act specified that no payment "shall be made or allowed . . . after December 31, 2020," 26 U.S.C. § 6428(f)(3)(A), and the CAA specified that no payment "shall be made or allowed . . . after January 15, 2021," 26 U.S.C. § 6428A(f)(3). Both deadlines passed well before Watson commenced this action in March 2022. Because no additional stimulus payments may be issued under either statute, Watson "cannot obtain the relief he requests" under the CARES Act or the CAA. Byers v. Rettig, No. 1:22-cv-00126, 2022 WL 3205184, 2022 U.S. Dist. LEXIS 140179, at *10 (W.D.N.C. Aug. 8, 2022); see also Harris v. Cisneros, No. 4:22-cv-03641, 2022 WL 4109521, 2022 U.S. Dist. LEXIS 162276, at *8 (N.D. Cal. Sept. 8, 2022) ("As noted above, the CARES Act imposed a deadline of December 31, 2020, for EIPS to be made or allowed. That deadline has passed, and no more funds may be issued. Plaintiff cannot obtain the relief he seeks in this case."); Hudson v. Dep't of Treasury, No. 1:21-cv-00392, 2021 WL 5782471, 2021 U.S. Dist. LEXIS 234154, at *8 (W.D. Mich. Dec. 7, 2021) ("[E]ven if Plaintiff could demonstrate that he was eligible to receive EIPs under the statutes, rather than credits on his 2020 income taxes, Plaintiff would not be entitled to the relief he seeks. As previously indicated, both the CARES Act and the CCA impose deadlines for issuance of EIPs . . . . Because no further funds may be issued in the form of EIPs, Plaintiff's request for relief is moot.") (collecting cases).

Watson's citation to 42 U.S.C. § 407(a) fares no better. This statute protects benefits paid under Title II of the Social Security Act, 42 U.S.C. § 401 et seq., from being "subject to execution, levy, attachment, garnishment, or other legal process." 42 U.S.C. § 407(a). It does not apply to payments made under other titles of the United States Code, much less entitle Watson to receive stimulus payments from the federal government. Thus, § 407(a) does not confer a substantive right to the relief requested under the Little Tucker Act.

### IV.   Conclusion

For the reasons stated, the court concludes that Watson's claims do not fall within the Little Tucker Act's waiver of sovereign immunity. Consequently, the court **DISMISSES** the complaint without prejudice pursuant to 28 U.S.C. § 1915A(b) and Federal Rule of Civil Procedure 12(h)(3).* An appropriate order will be entered.

Entered: October 19, 2022

Michael F. Urbanski
Chief United States District Judge

---

* To the extent that the complaint could be construed as a suit against the United States for a tax refund under 26 U.S.C. § 7422 and 28 U.S.C. § 1346(a)(1), it does not contain sufficient allegations to establish that Watson complied with the applicable administrative claim requirements. See 26 U.S.C. § 7422(a); 26 C.F.R. § 301.6402-2; see also Garner v. IRS, No. 2:22-cv-00071, 2022 WL 3998150, 2022 U.S. Dist. LEXIS 159298, at *4 (D. Utah Sept. 1, 2022) (discussing the administrative claim requirements in the context of a complaint seeking to recover unpaid stimulus payments). Because the administrative claim requirements are prerequisites to filing suit under § 7422, any tax refund claim would also be subject to dismissal without prejudice. See, e.g., Brown v. United States, 22 F.4th 1008, 1013 (Fed. Cir. 2002) (affirming the dismissal of a tax refund suit for failure to comply with the applicable administrative claim requirements); Makozy v. Zimmerer 850 F. App'x 722, 725 (11th Cir. 2021) (noting, in affirming the dismissal of a complaint, that "to the extent that [the plaintiff] attempted to state a claim for a refund of taxes, he failed to allege that he had met the statutory prerequisites for the government's conditional waiver of immunity for tax-refund claims") (citing 26 U.S.C. § 7422(a); United States v. Clintwood Elkhorn Min. Co., 553 U.S. 1, 4–5 (2008)); Webb v. United States, 66 F.3d 691, 693 (4th Cir. 1995) (emphasizing that "no suit for a tax refund may be maintained unless 'a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof'") (quoting 26 U.S.C. § 7422(a)). If Watson wishes to pursue to a tax refund action, he remains free to do so once he is able to show that he has satisfied the administrative claim requirements.

5